# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY MORGAN, | ) |
| Plaintiff, | ) Case No._____ |
| v. | ) |
| MOMENTIVE GLOBAL, INC., SUSAN L. DECKER, DAVID A. EBERSMAN, ERIKA H. JAMES, SHERYL K. SANDBERG, ALEXANDER J. LURIE, DANA L. EVAN, BRAD D. SMITH, RYAN FINLEY, BENJAMIN C. SPERO, and SERENA J. WILLIAMS, | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** <br><br> ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Anthony Morgan ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Momentive Global, Inc. ("Momentive" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9. By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which Zendesk, Inc. ("Zendesk") will acquire the Company through Zendesk's subsidiary Milky Way Acquisition Corp. ("Merger Sub") (the "Proposed Transaction").[1]

2. On October 28, 2021, Momentive and Zendesk jointly announced their entry into an

---

[1] Non-party Zendesk is a Delaware corporation headquartered at 989 Market Street, San Francisco, California 94103. Zendesk's common stock trades on the New York Stock Exchange under the ticker symbol "ZEN." Non-party Merger Sub is a wholly owned subsidiary of Zendesk.

Agreement and Plan of Merger dated the same day (the "Merger Agreement"). That agreement provides Momentive stockholders will receive 0.225 shares of Zendesk common stock for each share of Company common stock they own (the "Merger Consideration").[2]

3. On December 6, 2021, Zendesk filed a Form S-4 Registration Statement (the "Registration Statement") with the SEC. The Registration Statement, which recommends that Momentive stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Registration Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Registration Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. The Court has jurisdiction over defendants because each defendant is either a

---

[2] Upon completion of the merger, it is estimated that current Momentive stockholders will own approximately 22% of the combined company and former Zendesk stockholders will own approximately 78% of the combined company. The approximate value of the Proposed Transaction is $4.13 billion.

corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, a stockholder of Momentive.

10. Defendant Momentive is a Delaware corporation w with its principal executive offices located at One Curiosity Way, San Mateo, California 94403. Momentive's common stock trades on the Nasdaq Global Select Market under the ticker symbol "MNTV."

11. Defendant Susan L. Decker ("Decker") is and has been a director of the Company since November 2017.

12. Defendant David A. Ebersman ("Ebersman") is Chair of the Board, and is and has been a director of the Company since June 2015.

13. Defendant Erika H. James ("James") is and has been a director of the Company since August 2018.

14. Defendant Sheryl K. Sandberg ("Sandberg") is and has been a director of the Company since July 2015.

15. Defendant Alexander J. Lurie ("Lurie") has been Chief Executive Officer ("CEO") of the Company since January 2016, interim Chief Financial Officer ("CFO") since March 5, 2021, and a director since December 2009. Defendant Lurie also previously served as Chair of the Board from July 2015 to January 2016, and as interim CFO from April 1, 2019, through July 7, 2019.

16. Defendant Dana L. Evan ("Evan") is and has been a director of the Company since March 2012.

3

17.     Defendant Brad D. Smith ("Smith") is and has been a director of the Company since May 2017.

18.     Defendant Ryan Finley ("Finley") founded the Company in 1999, and is and has been a director of the Company since its inception.

19.     Defendant Benjamin C. Spero ("Spero") is and has been a director of the Company since April 2009.

20.     Defendant Serena J. Williams ("Williams") is and has been a director of the Company since May 2017.

21.     Defendants identified in paragraphs 10-19 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

22.     On October 28, 2021, Momentive and Zendesk jointly announced in relevant part:

SAN FRANCISCO & SAN MATEO, Calif--Zendesk (NYSE: ZEN) and Momentive (NASDAQ: MNTV) have entered into a definitive agreement under which Zendesk will acquire Momentive, including its iconic SurveyMonkey platform. The terms of the transaction provide for Momentive stockholders to receive 0.225 shares of Zendesk stock for each share of Momentive stock, a ratio which represents an implied value of approximately $28 per outstanding share of Momentive stock based on the 15-day volume weighted average price of Zendesk common stock up to and including October 26, 2021.

Zendesk expects the combination to be growth accretive in its first full operating year and accelerate Zendesk's revenue plan to $3.5 billion in 2024, one year ahead of its previous target. The companies' respective sizable customer bases and complementary capabilities are expected to provide significant opportunity for joint product adoption and increasing Momentive's enterprise traction. Zendesk will reinvest savings from scale efficiencies into compelling growth opportunities to support the combination. Upon the close of the transaction, Momentive CEO Zander Lurie will continue to lead Momentive's strong management team.

"The SurveyMonkey brand is iconic and we've admired their business from afar since the inception of Zendesk. They truly democratized an industry—almost everyone in the world has responded to one of their surveys at some point," said Mikkel Svane, CEO & Founder, Zendesk. "We're very excited to have them join the Zendesk mission

4

along with Momentive's market research and insights products and together create a powerful new Customer Intelligence company. We will deliver a rich, colorful picture of every customer so businesses really understand their customers and can build more authentic relationships."

"We look forward to combining with Zendesk to advance our mission and accelerate our long-term growth strategy," said Zander Lurie, CEO, Momentive. "This is a testament to the strength of our agile products and talented team. Zendesk and Momentive share a culture centered around our people, our communities and the customers we serve. The synergies between our companies are proximate and compelling. We are uniquely positioned to make Customer Intelligence a reality while delivering significant value for our shareholders."

**Acquisition to Create Powerful New Customer Intelligence Company**

In today's digital-first economy, it is imperative to build more meaningful relationships with customers. Meaning comes from a deep understanding of the customer and their experiences. Although businesses often have an endless supply of data, they lack actionable and personalized customer intelligence. Instead, businesses are left with a picture of the customer that is one dimensional, impersonal and incomplete.

Zendesk pioneered the ability to respond to what customers *say* and *do*, making it easier to deliver superior customer service. Momentive is a leader in capturing how customers *think* and *feel*, helping companies make critical decisions quickly and confidently.

With Momentive, Zendesk will create what businesses really need—a customer intelligence company that connects what customers say and do, with how they think and feel. The combination will give businesses the ability to:

- **Listen to your customers**: Collect critical information about customer needs, experiences and expectations

- **Develop a rich picture:** Bring a customer into focus by combining transactional data with market research and insights for the context to truly understand them

- **Act on insights**: Empower teams to take action with the full breadth of data about their customers as well as feedback and market insights to improve customer interactions

**Transaction Terms**

Following a comprehensive review, the boards of directors of Zendesk and Momentive have approved the transaction.

The terms of the transaction provide for Momentive stockholders to receive 0.225 shares of Zendesk stock for each share of Momentive stock, a ratio which represents an implied value of approximately $28 per outstanding share of Momentive stock

based on the 15-day volume weighted average price of Zendesk common stock up to and including October 26, 2021. Upon closing of the transaction, Zendesk stockholders will own approximately 78% of the combined company and Momentive stockholders will own approximately 22% of the combined company. The transaction, which is anticipated to close in the first half of 2022, is subject to approval by Zendesk stockholders and Momentive stockholders, the receipt of required regulatory approvals and other customary closing conditions. The transaction is intended to qualify as a tax-free reorganization for U.S. federal income tax purposes.

Zendesk has published a presentation to provide an overview of the transaction, available on both Zendesk and Momentive's investor relations websites. Additional details and information about the terms and conditions of the transaction will be available in Current Reports on Form 8-K to be filed by Zendesk and Momentive with the Securities and Exchange Commission.

**Quarterly Financial Results**

In separate press releases issued today, Zendesk announced financial results for the third quarter of 2021 and Momentive announced preliminary results for its third quarter of 2021. Momentive will issue a press release to share its full third quarter financial results on November 9, 2021.

**Advisors**

Goldman Sachs & Co. LLC is serving as lead financial advisor and Centerview Partners LLC is also serving as financial advisor to Zendesk. Hogan Lovells US LLP is serving as legal counsel to Zendesk. Allen & Company LLC and J.P. Morgan Securities LLC are serving as equal lead financial advisors and Wilson Sonsini Goodrich & Rosati Professional Corporation is serving as legal counsel to Momentive.

**The Registration Statement Contains Material Misstatements or Omissions**

23. Defendants filed a materially incomplete and misleading Registration Statement with the SEC and disseminated it to Momentive's stockholders. The Registration Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

24. Specifically, as set forth below, the Registration Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial projections and the valuation analyses underlying the fairness opinion provided by the Company's financial advisors Allen & Company LLC ("Allen") and J.P.

6

Morgan Securities LLC ("J.P. Morgan").[3]

*Material Omissions Concerning the Company's Financial Forecasts and the Financial Analyses Relied on by the Board*

25. The Registration Statement omits material information regarding the financial forecasts for the Company and Zendesk, including the standalone unlevered, after-tax free cash flows that Momentive was forecasted to generate during the fiscal years ending December 31, 2027, through December 31, 2031, and standalone unlevered, after-tax free cash flows that Zendesk was forecasted to generate during the fiscal years ending December 31, 2026, through December 31, 2031.

26. The Registration Statement also fails to disclose the line items underlying Zendesk's financial forecasts for: (a) Non-GAAP Operating Income; and (b) Unlevered Free Cash Flow.

27. The omission of this material information renders the statements in the "Zendesk Unaudited Financial Projections" and "Momentive Unaudited Financial Projections" sections of the Registration Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Financial Advisors' Analyses*

28. The Registration Statement omits material information regarding the data and inputs underlying the valuation analyses performed by the Financial Advisors.

29. The Registration Statement describes the Financial Advisors' respective fairness opinions and the various underlying valuation analyses. Those descriptions, however, omits key inputs and assumptions forming the bases of these analyses. The absence of this material information precludes the Company's public stockholders from fully understanding the Financial Advisors' work. As a result, Momentive stockholders cannot assess what significance to place on Financial Advisors' fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

---

[3] Allen and J.P. Morgan collectively will be referred to as the "Financial Advisors."

30. With respect to the *Selected Public Companies Analyses* and *Selected Precedent Transactions Analysis* performed by Allen, the Registration Statement fails to disclose the individual financial multiples and metrics for each of the comparable companies and transactions observed by Allen in the analyses, respectively.

31. With respect to the *Discounted Cash Flow Analyses* performed by Allen, the Registration Statement fails to disclose: (a) the standalone unlevered, after-tax free cash flows that Momentive was forecasted to generate during the fiscal years ending December 31, 2027 through December 31, 2031; (b) the standalone unlevered, after-tax free cash flows that Zendesk was forecasted to generate during the fiscal years ending December 31, 2026 through December 31, 2031; (c) the terminal values; and (d) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

32. With respect to the *Discounted Cash Flow Analysis* of Momentive performed by J.P. Morgan, the Registration Statement fails to disclose: (a) the unlevered free cash flows that Momentive is expected to generate during the remainder of fiscal year 2027 through fiscal year 2031; (b) the terminal values for Momentive; and (c) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

33. With respect to J.P. Morgan's *Discounted Cash Flow Analysis* of Zendesk, the Registration Statement fails to disclose: (a) the unlevered free cash flows that Zendesk is expected to generate during the remainder of fiscal year 2026 through fiscal year 2031; (b) the terminal values for Zendesk; and (c) the inputs and assumptions underlying the range of discount rates utilized in connection with the analysis.

34. The omission of this material information renders the statements in the "Momentive Unaudited Financial Projections," "Zendesk Unaudited Financial Projections" and "Opinions of Momentive's Financial Advisors" sections of the Registration Statement false and/or materially

misleading in contravention of the Exchange Act. Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

35.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Registration Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Momentive stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

## COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder**

36.     Plaintiff repeats all previous allegations as if set forth in full.

37.     During the relevant period, defendants disseminated the false and misleading Registration Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

38.     By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Registration Statement. The Registration Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections and the data and inputs underlying the financial valuation analyses that support

the fairness opinion provided by the Financial Advisors.  The defendants were at least negligent in filing the Registration Statement with these materially false and misleading statements.

39. The omissions and false and misleading statements in the Registration Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

40. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

41. Because of the false and misleading statements in the Registration Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

42. Plaintiff repeats all previous allegations as if set forth in full.

43. The Individual Defendants acted as controlling persons of Momentive within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Momentive, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Registration Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Registration Statement.

46. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Registration Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

47. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Momentive's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Momentive, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any

vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Momentive stockholders;

   B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

   C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

   D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

   E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: January 5, 2022    **LONG LAW, LLC**

    By */s/ Brian D. Long*
    Brian D. Long (#4347)
    3828 Kennett Pike, Suite 208
    Wilmington, DE 19807
    Telephone: (302) 729-9100
    Email: BDLong@longlawde.com

    *Attorneys for Plaintiff*